IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN T. BAKER,

                        Plaintiff,

            v.                              CASE NO. 07-3093-SAC

NORMAN WILLIAMS,

                        Defendant.


                         O R D E R

    This matter is before the court on a civil complaint under 42
U.S.C. § 1983, filed pro se by a prisoner confined in the Sedgwick
County Jail in Wichita, Kansas.  Plaintiff also seeks leave to
proceed in forma pauperis under 28 U.S.C. § 1915.

    Under the Prison Litigation Reform Act enacted in 1996, a
prisoner is required to pay the full district court filing fee in
this civil action.  Where insufficient funds exist for the filing
fee, the court is directed to collect an initial partial filing fee
in the amount of 20 percent of the greater of the average monthly
deposits to the inmate's account or the average monthly balance for
the preceding six months.  28 U.S.C. § 1915(b)(1)(A) and (B).
However, where an inmate has no means by which to pay the initial
partial filing fee, the prisoner shall not be prohibited from
bringing a civil action.  28 U.S.C. § 1915(b)(4).

    Having reviewed the limited records provided, the court grants
plaintiff leave to proceed in forma pauperis, and finds no initial
partial filing fee may be imposed at this time due to plaintiff's
sparse resources.  Plaintiff remains obligated to pay the full

$350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action plaintiff seeks damages from a Wichita police officer who allegedly assaulted plaintiff by twice running over plaintiff on December 1, 1999.  The sole defendant named in the complaint is Officer Norman Williams.

The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983.  Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).   In Kansas, that period is two years.  *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. 1983).  Accordingly, plaintiff's allegations of being assaulted by the defendant in 1999 are clearly time barred.

The tolling of a limitations period is also governed by state law.  Wilson, 471 U.S. at 269.  Here, plaintiff briefly states he was held in prison for five years without proper law books, and claims he remains medicated and in pain throughout his incarceration.  However, a bare claim of pain and medication is insufficient to warrant tolling.  While the Kansas statute tolls the running of a limitations period for a person imprisoned for less than a life term, the statute expressly states that "if a person

imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability," K.S.A. 60-515(a), the court finds no evidence that plaintiff's access to the courts has been unduly limited by his incarceration.

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because the allegations in the complaint are now time barred.[1] *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"); 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without any further prior notice to plaintiff.

Plaintiff's motion for issuance of summons and for discovery are denied without prejudice to plaintiff renewing these requests if the complaint is not summarily dismissed for the reasons stated herein.

---

[1]Plaintiff is advised that dismissal of the complaint as stating no claim for relief counts as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the full $350.00 district court filing fee to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for issuance of summons (Doc. 3) and motion for discovery (Doc. 4) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge